UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL VILLALOBOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:23-cv-1891-SCR<br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, Plaintiff's motion for summary judgment will be DENIED, and Defendant's cross-motion for summary judgment will be GRANTED.

////

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); *Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler*, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I.  PROCEDURAL BACKGROUND

Plaintiff was born on August 13, 1995, and received benefits based on disability as a child.  Administrative Record ("AR") 26, 91.[2]  On May 12, 2014, after Plaintiff's eighteenth birthday, he was found no longer disabled and therefore ineligible for benefits effective November 24, 2014.  AR 91.  On March 25, 2016, ALJ Evangelina Hernandez upheld this determination.  AR 91, 103.

Plaintiff applied for SSI on March 26, 2021, alleging his August 13, 1995 birthdate was also his disability onset date.  AR 15.  The application was disapproved initially on August 13, 2021 and after reconsideration on November 17, 2021.  *Id.*  On July 12, 2022, ALJ Matilda Surh presided over the telephonic hearing on Plaintiff's challenge to the disapprovals.  AR 68-84 (transcript).  Plaintiff was present at the hearing with counsel.  AR 15, 68.  Victoria Rei, a Vocational Expert ("VE"), also testified at the hearing.  AR 68, 81.

On August 30, 2022, the ALJ found Plaintiff "not disabled" since Plaintiff's March 26, 2021, application date.  AR 15-27 (decision), 28-31 (exhibit list).  The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision.  AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on September 1, 2023.  ECF No. 1.  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 7-8.  The parties' cross-motions for summary judgment, based on the Administrative Record filed by the Commissioner, have been briefed.  ECF Nos. 16 (Plaintiff's summary judgment motion), 18 (Defendant's summary judgment motion).  No reply brief from Plaintiff is on file.

## II.  FACTUAL BACKGROUND

Plaintiff was born on August 13, 1995, and accordingly was, at age 25, a younger individual under the regulations on the date of his SSI application.  AR 26; *see* 20 C.F.R. §§ 404.1563(d), 416.963(c).  Plaintiff has an eleventh-grade education.  AR 322.  Although he once reported that he has never held a job, February 2016 medical records show that he was working in recycling at the time.  AR 321, 585.  Plaintiff has also asserted that his conditions first rendered

---

[2] Two copies of the AR are electronically filed as ECF Nos. 9-1 to 9-2 (AR 1 to AR 733).

him incapable of working on August 13, 2013.  AR 321.  His reported conditions include heart problems, chronic asthma, paralyzed vocal chords, high blood pressure, and anxiety.  AR 321.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

evidence that the ALJ did not discuss").

The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

SSI is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a (SSI). Plaintiff is "disabled" if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id.* §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.* §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity [RFC] make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id.* §§ 404.1520(a)(4)(iv), (e), (f).

>   Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Id.* §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); *Bowen*, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ'S DECISION

The ALJ made the following findings:

>   1. The claimant has not engaged in substantial gainful activity since March 26, 2021, the application date (20 CFR 416.971 *et seq.*).
>
>   2. The claimant has the following severe impairments: asthma, ventricular tachycardia, borderline intellectual functioning and general anxiety disorder (20 CFR 416.920(c)).
>
>   3. The claimant does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
>   4. After careful consideration of the entire record, [the ALJ found] that the claimant has the residual functional capacity [RFC] to perform medium work as defined in 20 CFR 416.967(c) except he is limited to simple, routine, repetitive tasks with occasional public contact. He cannot have any concentrated exposure to dust, fumes, gases, and other pulmonary irritants.
>
>   5. The claimant has no past relevant work (20 CFR 416.965).
>
>   6. The claimant was born on August 13, 1995 and was 25 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
>   7. The claimant has a limited education (20 CFR 416.964).
>
>   8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
>   9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20

CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 26, 2021, the date the application was filed (20 CFR 416.920(g)).

AR 18-27.

As noted, ALJ Surh concluded that Plaintiff was "not disabled" under Title XVI of the Act. AR 27.

## VI.  ANALYSIS

Plaintiff's motion for summary judgment raises a single issue: Whether the ALJ erroneously discounted the opinion of a psychologist consultative examiner, Dr. W. Fahnbulleh, in assessing Plaintiff's RFC. ECF No. 16 at 9. The ALJ concluded that Plaintiff retained the RFC to perform medium work, with limitations that such work involve only "simple, routine, repetitive tasks with occasional public contact" and not involve "concentrated exposure to dust, fumes, gases, and other pulmonary irritants." AR 21. In doing so, the ALJ rejected some of Dr. Fahnbulleh's findings that Plaintiff had moderate limitations in several functional areas. AR 25. As explained below, the ALJ's decision was supported by substantial evidence.

**A. Legal Standards on the Role of Medical Opinions in ALJ Decision Making**

Medical opinions are statements from physicians and other acceptable medical sources that reflect, among other things, judgments about "what [the claimant] can still do despite…impairment(s) and whether [the claimant has] one or more impairment-related limitations or restrictions in the abilities listed in" 20 C.F.R. §§ 416.913(a)(2)(i)-(ii). 20 C.F.R. § 416.913(a)(2).  While physicians may make medical notes in a claimant's file, statements that do not address the claimant's functional limitations need not be weighed by the ALJ. *See, e.g., Champagne v. Colvin*, 582 F. App'x 696, 697 (9th Cir. 2014) (unpublished) (rejecting assertion that ALJ improperly disregarded treating physicians' opinions because providers did not opine on claimant's functional limitations and claimant "identified no additional medically necessary limitation that should have been included in the [RFC]").

For any SSI application filed after March 27, 2017, no medical opinion or administrative

6

medical finding, including any submitted by the claimant, is given specific evidentiary weight, such as controlling weight. 20 C.F.R. § 416.920c(a). Each such opinion is instead evaluated based on supportability through objective medical evidence, consistency with other medical and nonmedical sources, relationship with the claimant, specialization in the relevant area, and other factors that seem to support or contradict the medical opinion. 20 C.F.R. § 416.920c(c). Of these, supportability and consistency are most important. 20 C.F.R. § 416.920c(a).

An ALJ decision must articulate how persuasive it found each opinion, but it need not articulate how it considered every factor for every medical opinion. 20 C.F.R. § 416.920c(b)(1). If "a medical source provides multiple medical opinion(s) or prior administrative medical finding(s)[,]" the ALJ need only specify how it "considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors" listed above. *Id.* Because supportability and consistency are the most important factors, the ALJ must explain how it considered them, but has discretion to discuss the other three as appropriate. 20 C.F.R. § 416.920c(b)(2). When multiple opinions on one issue are equally well-supported and consistent with the rest of the record, but not entirely consistent with each other, the decision must articulate whichever combination of the remaining factors the ALJ considered in deciding which opinion was the more persuasive. 20 C.F.R. § 416.920c(b)(3).

**B. The Contested Psychological Examinations of Plaintiff**

In connection with Plaintiff's earlier disability-determination proceedings, Dr. James Wakefield examined Plaintiff in April 2014. AR 421. Plaintiff reported to Dr. Wakefield that he spent his days helping his father load and unload trucks and shopping with his friends. AR 421. Dr. Wakefield observed that Plaintiff was "alert and cooperative" and "generally cheerful[.]" AR 422. Plaintiff had normal speech and adequate writing skills but "minimally adequate" verbal skills. AR 422. His thought content was normal, and his orientation as to time, place, and person was generally correct. AR 422. However, he had a deficit memory and was only capable of simple mental calculations, not complex arithmetic. AR 422. His fund of knowledge was also "borderline for his age." AR 422.

Based on Plaintiff's results on the WAIS-IV examination and an IQ of 74, Dr. Wakefield

rated his intellectual ability as borderline. AR 422. Plaintiff exhibited average perceptual reasoning, "low average" working memory, borderline verbal comprehension, and deficient processing speed. AR 422-23. As to working memory, Plaintiff's auditory memory was stronger than his arithmetic skills. AR 423. Plaintiff's WMS-IV results showed that his delayed memory was in the bottom percentile for his age, while his verbal and visual memory were deficient. AR 423.

Based on these results, Dr. Wakefield diagnosed Plaintiff with Amnestic Disorder, Communication Disorder, and Borderline Intellectual Functioning. AR 424. He reasoned that Plaintiff had "low average" concentration, borderline intellectual and verbal ability, and deficient verbal and visual memory. AR 424. Plaintiff was unable to handle his funds and would find it difficult to complete tasks that would entail "substantial demands on making and retaining new memories[.]" AR 424. Plaintiff also had a limited capacity to "make occupational, personal, and social decisions in his best interests[.]" At the same time, Dr. Wakefield found that Plaintiff had adequate concentration and persistence, and that he could interact with others at a minimally acceptable level. AR 424.

In connection with the instant disability-related proceedings, Dr. Fahnbulleh evaluated Plaintiff in July 2021. AR 483. During the examination, Plaintiff reported sporadic and unpredictable symptoms of anxiety since elementary school, including difficulty breathing and anxiety when leaving the house or around others. AR 483. These symptoms were "moderate to severe" and had generally worsened and become more persistent over time. AR 483. Plaintiff therefore only left the house for groceries, doctors' appointments, or similar reasons. AR 484. As of the evaluation, Plaintiff had no counseling but had been prescribed psychiatric medications, which he stopped taking out of discomfort. AR 483-84.

Dr. Fahnbulleh found Plaintiff's attitude cooperative and had no negative observations about his outfit, grooming, motor activity, eye contact, speech, sensorium, orientation, or intelligence. AR 485. He did observe impaired attention, but fair concentration and memory; intact abstraction, calculation, judgment, thought process, and insight; and adequate fund of knowledge. AR 485-86. Plaintiff's mood and affect were anxious, and Dr. Fahnbulleh diagnosed

8

him with Generalized Anxiety Disorder. AR 486. He concluded that due to this disorder, Plaintiff would experience mild limitations in understanding and performing simple instructions. AR 486. Plaintiff would also experience moderate limitations in all other work-related abilities, including the ability to (1) understand and perform complex instructions, (2) maintain regular attendance in the workplace, (3) perform work activities on a consistent basis, (4) perform work activities without special or additional supervision, (5) complete a normal workday or workweek without interruptions, (6) accept instructions from supervisors, (7) interact with coworkers and the public, and (8) manage the stress typically encountered in a competitive work environment. AR 486-87. Dr. Fahnbulleh concluded that based on these limitations and Plaintiff's prior psychiatric and treatment history, the overall prognosis was "fair." AR 487.

**C. The ALJ's Consideration of the Psychological Examinations**

The ALJ discounted the opinions of both psychological examiners. She found Dr. Wakefield's opinion about Plaintiff's difficulties with tasks involving "making and retaining [new] memories," interaction with others, and reasoning/decision making unpersuasive. AR 25. She believed it to be inconsistent with both Dr. Fahnbulleh's opinion and prior administrative psychological findings. AR 25. She also contrasted Dr. Wakefield's "extreme" social restrictions against Plaintiff reporting that he enjoyed going shopping with his friends. AR 25. That Plaintiff could help his father with loading trucks and "complete substantial cognitive testing putting forth good effort" also undercut any assertion that Plaintiff would find it difficult to complete tasks and make decisions. AR 25.

The ALJ similarly found Dr. Fahnbulleh's opinion as to certain moderate limitations unpersuasive for several reasons. Those limitations were "not consistent with prior administrative psychological findings." AR 25. The ALJ also questioned how the limitations were consistent with Dr. Fahnbulleh's own findings that Plaintiff was friendly, made eye contact, and interacted appropriately with him during the examination. AR 25. That Plaintiff had an "unremarkable mental status evaluation" also undercut Dr. Fahnbulleh's conclusion that Plaintiff would struggle to "maintain regular attendance, perform work activities on a consistent basis with the need of additional supervision, complete a normal workday or workweek[,] and deal with usual stress[.]"

AR 25.³  The ALJ assumed this was based on Plaintiff's subjective complaints to Dr. Fahnbulleh. AR 25.  Finally, she argued that the medical record reflects some degree of independent functioning because Plaintiff has made change, managed finances, helped load and unload his father's truck, "work[ed] in recycling," and traveled to Texas.  AR 25.

### D. The ALJ Did Not Err in Finding Both of the Psychologist Examiners' Opinions Unpersuasive

Plaintiff argues that ALJ Surh failed to credit the consistency between Dr. Wakefield's opinion and Dr. Fahnbulleh's opinion, thereby improperly discounting the latter.  ECF No. 16 at 13.  Defendant responds that ALJ Surh had considered Dr. Wakefield's opinion but found it inconsistent with both Dr. Fahnbulleh's opinion and prior administrative psychological findings. ECF No. 18 at 11 (citing AR 25).  Defendant further argues that ALJ Surh also found Dr. Wakefield's opinion unsupported by Dr. Wakefield's own notes, something that Plaintiff does not address with sufficient specificity.  ECF No. 18 at 12 (citing *Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)).  To the extent that Plaintiff argues that the consistency of the two opinions should have prompted ALJ Surh to find both opinions persuasive, Defendant argues that the Court cannot prioritize that interpretation over the ALJ's because the latter is reasonable.  ECF No. 18 at 12 (citing *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022)).

The Court finds the record supports ALJ Surh's decision to discount as "not persuasive[e]" the opinions of Dr. Wakefield and Dr. Fahnbulleh.  As to Dr. Fahnbulleh, the ALJ provided extensive reasons, grounded in the record, for not fully crediting all of the proposed limitations.  AR 25.  While it is true that Dr. Wakefield's opinion was generally consistent with Dr. Fahnbulleh's opinion, *see* ECF No. 16 at 10, 12-13, the ALJ's reasons for discounting *both* were reasonable.  As a result, it was not erroneous for the ALJ not to find that the former reinforced the latter.  In substance, Plaintiff has simply proposed an alternative interpretation of these two opinions.  But because the ALJ's interpretation was rational, that is the interpretation

---
³ Although the decision says this was "Dr. Wakefield's opinion," the decision clearly separates the discussion of their opinions into separate paragraphs.  AR 25.  The Court agrees with Defendant that this is a scrivener's error that should not be held against the ALJ.  *See* ECF No. 18 at 8, n.1.

1   the Court must uphold. *See Woods*, 32 F.4th at 788.

2   ALJ Surh's decision to discount Dr. Wakefield's opinion is also relatively consistent with
3   ALJ Hernandez's decision in 2016. AR 97-98, 101, 103. The decision by ALJ Hernandez, like
4   the decision at issue here, found that Plaintiff's RFC allowed him to perform medium work with
5   some restrictions. AR 96. ALJ Hernandez credited Dr. Wakefield's opinion regarding
6   "limitations on the nature of the tasks…[Plaintiff] can perform, the pace of performance and the
7   environment in which he can perform them." AR 98. She then found that while some
8   administrative psychological opinions, including Dr. Wakefield's, identified mental functional
9   limitations and the way those might affect Plaintiff's capacities, all of those opinions concluded
10  Plaintiff had some capacity to work. AR 101. In short, if ALJ Surh had found that Dr.
11  Wakefield's opinion now merited a more limited RFC than it did in 2016, she would have been
12  deviating from ALJ Hernandez's findings. The argument that Dr. Fahnbulleh's opinion should
13  have been found persuasive because it was consistent with Dr. Wakefield's opinion fails.

14  **D.    The ALJ Did Not Err in Considering Plaintiff's Daily Activities**

15  Plaintiff also challenges the contrast ALJ Surh drew between Dr. Fahnbulleh's proposed
16  limitations and Plaintiff's ability to manage finances, help load and unload his father's truck, and
17  travel to Texas. ECF No. 16 at 11 (citing AR 25).[4] Plaintiff implies this is tantamount to
18  requiring that a claimant be "completely bedridden or completely helpless to be found disabled."
19  *Id.* (quoting *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989)). Plaintiff also cites *Forehand*
20  *v. Barnhart*, which held that the relevant question is whether a claimant can "perform the
21  requisite physical acts day in and day out, in the sometimes competitive and stressful conditions
22  in which real people work in the real world." ECF No. 16 at 12 (quoting 364 F.3d 984, 988 (8th
23  Cir. 2004)).

24  Defendant responds that although a claimant need not be completely bedridden, an ALJ
25  may find that a claimant's daily activities undermine his claim for disability. ECF No. 18 at 11

---

[4] Plaintiff omits that ALJ Surh list also included him working in recycling in 2016. AR 25, 585. Such work may more accurately reflect workplace stress than the other activities that the ALJ identifies.

11

(citing *Kimball v. Commissioner of Social Security*, 2022 WL 17343820 at *4 (E.D. Cal. Nov. 30, 2022)). Defendant adds that this applies "[e]ven if the claimant experiences some difficulty or pain[.]" ECF No. 18 at 11 (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022)). ALJ Surh did not assert that Plaintiff's activities of daily life are categorically inconsistent with a finding of disability, but that they are specifically inconsistent with Dr. Fahnbulleh's findings of moderate limitations in almost every listed category. AR 25. This approach sanctioned by the case law. The plaintiff in *Smartt*, for example, could cook, clean, care for her daughter, do laundry, and complete various chores if she paced herself. *Smartt*, 53 F.4th at 499-500. The Ninth Circuit agreed with the ALJ that these tasks reflected many of the "capabilities ... necessary for obtaining and maintaining employment" and were inconsistent with the plaintiff's allegations of "10/10" pain. *Id.* at 500.

Similarly, at issue is Dr. Fahnbulleh's assertion that Plaintiff would struggle to (1) understand and perform complex instructions, (2) maintain regular attendance in the workplace, (3) perform work activities on a consistent basis, (4) perform work activities without special or additional supervision, (5) complete a normal workday or workweek without interruptions, (6) accept instructions from supervisors, (7) interact with coworkers and the public, and (8) manage the stress typically encountered in a competitive work environment. AR 25, 486-87. In discounting these limitations, ALJ Surh reasonably balanced Dr. Fahnbulleh's opinion against activities that involve Plaintiff's purported weaknesses. Holding a position in recycling suggests Plaintiff can maintain regular attendance and perform tasks on a consistent basis without additional instructions, while helping his father suggests he can interact with coworkers. That Plaintiff traveled to Texas may also suggest some capacity to manage complexity. There was no error in the ALJ's consideration of Plaintiff's daily activities in this manner.

### E. The ALJ Did Not Err in Discounting Conclusions Drawn from Plaintiff's Self-Reported Symptoms

ALJ Surh noted that some of Dr. Fahnbulleh's opinions were apparently based not on his own observations, but on Plaintiff's subjective complaints. AR 25. Plaintiff argues that case law recognizes the subjective nature of mental health opinions and how they may rely on self-reported

symptoms more than opinions on physical maladies. ECF No. 16 at 12 (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989); *Poulin v. Bowen*, 817 F.2d 865, 873–74 (D.C. Cir. 1987); *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)). Defendant responds that ALJ Surh did not discount Dr. Fahnbulleh's opinion because it was based on self-reported information. ECF No. 18 at 9 (citing *Buck*, 869 F.3d at 1049). Rather, she discounted it because the presented objective evidence, overall evaluation, and explanation did not support the conclusions. ECF No. 18 at 9-10.

An ALJ shall not credit an individual's testimony regarding symptoms, like pain, in the absence of "objective medical evidence of an underlying impairment" that could reasonably result in such symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991))). This standard distinguishes between symptoms and objective evidence, which includes both laboratory evidence and medical signs. *See* 20 CFR § 416.902(k). A sign is defined as any abnormality "that can be observed, *apart from* your statements (symptoms)." 20 CFR § 416.902(l) (emphasis added). Courts have consequently held that a doctor's "restatement" of the plaintiff's symptoms, based solely on the plaintiff's "own 'perception or description' of his problems[,]" cannot serve as the objective evidence needed for a finding of impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005).

Precedent recognizes a difference between reporting requirements for mental and physical disabilities. Symptoms that would prevent someone from functioning in the workplace may not manifest "while being treated and while limiting environmental stressors[.]" *Garrison*, 759 F.3d at 1017. This also applies to a mental evaluation that occurs outside of treatment.

At minimum, however, a clinical diagnosis relying solely on self-reported symptoms cannot be completely unsubstantiated by objective medical evidence. Even in *Blankenship*, the Sixth Circuit held that "the examination was supported by specific and complete medical findings" and was therefore more persuasive than the ALJ acknowledged. 874 F.2d at 1121. The ALJ had discounted this opinion in part because it was based on a single examination and did not "present a clear diagnostic picture." *Id.* The Sixth Circuit then quoted *Poulin*, which held that

13

ALJs should not discount psychiatric opinions "simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, *unless there are other reasons to question the diagnostic techniques*." *Id.* (quoting *Poulin*, 817 F.2d at 873–74) (emphasis added).

The Ninth Circuit's opinion in *Buck* does not contradict this. The medical expert at issue did consider the plaintiff's self-reported challenges in keeping a job, but he "also conducted a clinical interview and a mental status evaluation." *Buck*, 869 F.3d at 1049. Although the Ninth Circuit held that an ALJ's discretion "to reject opinions based on self-reports does not apply in the same manner" to allegations of a mental disability, it ultimately refused to discount the medical opinion for its "*partial* reliance on…self-reported symptoms[.]" *Id.* (emphasis added).

As in *Buck*, the consultative examiner, Dr. Fahnbulleh, both interviewed Plaintiff and observed his mannerisms during the examination. *See* AR 483-86. Unlike in *Buck*, however, ALJ Surh noted a disconnect between the clinical observations and the conclusions based on self-reported symptoms. AR 25. The only substantial limitation Dr. Fahnbulleh observed firsthand was Plaintiff's attention span, and he never explained how this results in the anticipated limitations in Plaintiff's work-related capabilities. AR 485. This led ALJ Surh to conclude these limitations were based on Plaintiff's self-reported difficulties. AR 25. This *alone* may not have warranted rejecting Dr. Fahnbulleh's opinion, but it does reduce its probative value. ALJ Surh was therefore justified in weighing this opinion against Plaintiff's ability to perform certain tasks and prior administrative findings regarding Dr. Wakefield's similar opinion. *See supra* VI.A.1-2.

### F. Any Consistency Between Dr. Fahnbulleh's Factual Findings and Opinion Does Not Show Error

Plaintiff argues that Dr. Fahnbulleh's own examination findings support his proposed limitations. ECF No. 16 at 13. Without further explanation, Plaintiff highlights the findings of impaired attention, fair memory and concentration, anxious mood, congruent affect, and overall fair prognosis. *Id.* at 13-14 (citing AR 485-87).

As discussed above, and as Defendant again responds, if more than one interpretation of the evidence is reasonable, the ALJ's interpretation prevails. *See supra* VI.A.1; *Woods*, 32 F.4th

at 788; ECF No. 18 at 9. Plaintiff consequently cannot demonstrate that Dr. Fahnbulleh's opinion should be found persuasive solely by describing evidence consistent with this opinion. He must instead demonstrate that ALJ Surh's contrary finding lacks support in fact or law. As discussed above, all his attempts to do so fail.

## VII.  CONCLUSION

Plaintiff has failed to demonstrate that ALJ Surh erred in finding Dr. Fahnbulleh's opinion on Plaintiff's work-related limitations unpersuasive. No error in the administrative decision merits reversal.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is GRANTED;

3. This Commissioner's final decision in this matter is AFFIRMED; and

4. The Clerk of the Court shall enter judgment for the Defendant and close this case.

DATED: March 28, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE